United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50744
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHANTEL RUTH CROCKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-239-2
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges

PER CURIAM:[*]

Jhantel Ruth Crocker pleaded guilty to possession of at least 50 grams of methamphetamine with intent to distribute, conspiracy to distribute at least 50 grams of methamphetamine, and distribution of methamphetamine. On appeal, she challenges as unreasonable the district court's imposition of consecutive 60-month sentences for the first two counts. She does not challenge the concurrent 108-month sentence she received for the distribution count.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court stated that the two 60-month sentences "must" be consecutive and indicated a desire to impose a sentence in the middle of the advisory guidelines range of 108-135 months. The reasoning behind the court's sentencing decision, however, is not clear. We are troubled by the district court's language, which indicates that it felt constrained to impose consecutive 60-month sentences. If the court's aim was to sentence Crocker to 120 months, concurrent sentences of 120 months would have satisfied this goal. If, however, the district court felt it was unable to sentence Crocker to fewer than 120 months for the possession-with-intent and conspiracy counts, we cannot understand why he should be so constrained. Crocker's concurrent 108-month sentence for the distribution count was within the guidelines range.

Given the lack of clarity in the record, we REMAND to the district court for the limited purpose of explaining its sentencing decision in light of these concerns. This court retains jurisdiction of the appeal during the pendency of the limited remand. See Wheeler v. City of Columbus, 686 F.2d 1144, 1154 (5th Cir. 1982).

LIMITED REMAND.