IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2008

Charles R. Fulbruge III
Clerk

No. 06-41782

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ENRIQUE INSAULGARAT

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:01-CR-1053

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Enrique Insaulgarat appeals the district court's denial of his motion to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e)(2).

## I. Factual & Procedural Background

Insaulgarat was convicted by a jury of possession with intent to distribute in excess of 100 kilograms of marijuana. The marijuana was found in a trailer being transported by Insaulgarat during his employment as a truck driver. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Insaulgarat, 378 F.3d 456, 458-59 (5th Cir. 2004). Insaulgarat appealed, and this court affirmed his conviction but remanded for resentencing. Id. at 458. On remand, Insaulgarat was sentenced to 60 months of imprisonment and five years of supervised release. The district court required that Insaulgarat comply with the standard conditions of supervised release, a requirement to which he did not object. One of those conditions stated that "the defendant shall not leave the judicial district without permission of the court or probation officer." Insaulgarat did not appeal the sentence imposed on remand.

Insaulgarat was released from prison on December 30, 2005. On November 20, 2006, Insaulgarat filed a motion to modify his supervised release conditions to allow him to travel outside of the judicial district in which he was being supervised, the Southern District of Florida. Insaulgarat asserted that he had returned to his home in Miami and was offered employment as a truck driver, the only profession he had ever known. According to a letter attached as an exhibit to the motion, the President of All Over Transport, Inc. indicated that Insaulgarat would be required to travel through 48 states for 10 to 15 days at a time. Insaulgarat contended that allowing him to work in his profession was proper under 18 U.S.C. §§ 3583(e)(2), 3553(a). The Government took no position on the motion. The district court denied the motion without reasons. Insaulgarat filed a timely notice of appeal.

## II. Analysis

A sentencing court retains jurisdiction to modify the conditions of supervised release after considering certain factors. See 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment

in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 944(a); (7) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. Id. (citing 18 U.S.C. § 3553(a)). The district court may modify the conditions of supervised release "pursuant to the provisions of [Rule 32.1(c) of the Federal Rules of Criminal Procedure] and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." Id. § 3583(e)(2). When entertaining a motion to modify, the district court should evaluate whether the conditions of supervised release "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes" of deterrence, public protection, and rehabilitation.[1] Id. § 3583(d)(2).

Before modifying the conditions of supervised release, the court must hold a hearing, at which the defendant has the right to counsel and an opportunity to make a statement and present any mitigating information. FED. R. CRIM. P. 32.1(c)(1). However, a hearing in not required if (1) the defendant waives the hearing; or (2) the relief sought is favorable to the defendant and does not extend the term of supervised release, and an attorney for the Government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. Id. 32.1(c)(2). Pursuant to the plain language of the statute, a

---

[1] If other criteria are satisfied, the district court may impose an occupational restriction as a special condition of supervised release. United States v. Mills, 959 F.2d 516, 518-19 (5th Cir. 1992); U.S. SENTENCING GUIDELINE MANUAL § 5F1.5 (2005). Because the out-of-district travel restriction in this case is listed as a standard condition of supervised release under § 5D1.3, the § 5F1.5 factors do not apply. As noted by the Government, Insaulgarat is not prohibited from working as a truck driver within the Southern District of Florida.

hearing is not required if the district court denies a defendant's motion to modify the conditions of supervised release. See United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003).

We have never addressed whether a district court must explicitly state its reasons for denying a motion to modify the conditions of supervised release. Insaulgarat claims that the district court needed to give its reasons because the denial was inconsistent with two other standard conditions of his supervised release: that he "work regularly at a lawful occupation" and that he "support [his] dependents." See U.S. SENTENCING GUIDELINE MANUAL § 5D1.3(c)(4), (c)(5) (2005). Although the Seventh Circuit has stated that "a statement of reasons from the district court facilitates meaningful review," it acknowledged that "a remand is unnecessary [where] the district court's reasons for denying the modification are apparent." Nonahal, 338 F.3d at 671; see also United States v. Kingsley, 241 F.3d 828, 836 (6th Cir. 2001) (stating on direct appeal that "a sentencing court's failure to expressly explain its reason(s) for exacting a particular special condition of supervised release will be deemed harmless error if the supporting reasons are evident on the overall record") (emphasis in original). In this case, the Government claims that the reasons for the district court's denial are apparent from the record.

We believe that a statement of reasons for the denial would facilitate meaningful review. The facts supporting Insaulgarat's motion to modify developed after his resentencing, and the Government did not respond to the motion. Given the multitude of factors that the district court must consider when evaluating whether to modify the conditions of supervised release, we prefer not to speculate about the possible reasons for the denial. Thus, we will vacate the district court's order and remand for the limited purpose of having the district court explain its reasons for the denial based on the relevant factors. See Wheeler v. City of Columbus, Miss., 686 F.2d 1144, 1154 (5th Cir. 1982). "We

retain jurisdiction of this appeal pending the district court's compliance with our limited remand." Id.

VACATED AND REMANDED; JURISDICTION RETAINED.