# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2011

Lyle W. Cayce
Clerk

No. 08-50327
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY YETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:95-CR-33-2

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Barry Yett, federal prisoner # 61167-080, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706, which reduced the guidelines for cocaine base (crack cocaine) offenses. Yett has also moved for leave to file a supplemental brief. For the following reasons, we vacate the judgment of the district court and remand for further proceedings. We also grant Yett's motion to file a supplemental brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50327

The district court denied Yett's motion, concluding that Yett's sentence was based on his status as a career offender rather than on the amount of crack cocaine he possessed. Yett preserved the issue by way of his motion for reconsideration, and we thus review de novo the question of the district court's authority to grant a reduction. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). As Yett correctly contends, the presentence report (PSR) concluded that the career offender enhancement was rendered inapplicable because his offense level under the crack cocaine guidelines was higher. Thus, the PSR determined his sentencing range based on the crack guidelines to be 292 to 365 months, and the court sentenced him to 360 months, squarely within that range. We recently held, applying plain error review, that a district court committed error under similar circumstances. *See Jones*, 596 F.3d at 275-76. We reach the same conclusion here.

The Government has the burden of demonstrating that the error was harmless, i.e., that the sentence would have been the same but for the error. *See United States v. Andrews*, 390 F.3d 840, 846 & n.9 (5th Cir. 2004); *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). We cannot discern from the record whether the court would have denied a reduction but for the erroneous conclusion that Yett was sentenced based on his status as a career offender. Accordingly, we vacate the district court's judgment denying the § 3582(c)(2) motion and remand for further proceedings consistent with *Jones*.

Yett raises various other arguments, which we address here in the interest of judicial efficiency and to provide guidance on remand. *See United States v. Murillo-Lopez,* 444 F.3d 337, 339 and n.5 (5th Cir. 2006). Yett first argues that his original sentence was improper in light of *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also argued in the district court that the court should treat the Guidelines as advisory in light of *Booker*. These contentions are without merit. A § 3582(c)(2) proceeding is not a full resentencing; rather, it permits a sentence reduction based on

No. 08-50327

amendments to the Guidelines within the limits prescribed by the Sentencing Commission. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010). Thus, it is not a vehicle for raising errors in the original sentencing. *Id.* at 2694. In addition, *Booker* is not applicable to a § 3582(c)(2) proceeding. *Id.* at 2691-93; *United States v. Doublin*, 572 F.3d235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

For the foregoing reasons, the judgment of the district court is vacated and this matter is remanded for further proceedings. We express no opinion on whether the district court, after considering appropriate factors, should exercise its discretion to grant a reduction.

VACATED AND REMANDED; MOTION GRANTED.