UNITED STATES of America,
Plaintiff–Appellee

v.

Barry YETT, Defendant–Appellant.

No. 11–50349
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Barry Yett, Bastrop, TX, pro se.

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Barry Yett, federal prisoner # 61167–080, pleaded guilty in 1995 to one count of possession of cocaine base with intent to distribute and one count of possession of a firearm by a felon. We previously vacated the district court's denial of Yett's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines governing cocaine base offenses and remanded for further proceedings. *United States v. Yett,* 407 Fed.Appx. 779 (5th Cir.2011). On remand, the district court reduced Yett's sentence from 360 months to 324 months, which was within the career offender range of 262 to 327 months now applicable to Yett. Yett appeals his reduced sentence.

■ A district court's decision whether to reduce a sentence pursuant to

§ 3582(c)(2) is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009). Yett first challenges the determination of the applicable guidelines range. He argues that he was sentenced outside the revised cocaine base guidelines range of 235 to 293 months and that the district court used the wrong statutory sentencing range of 10 years to life to determine his career offender level. *See* U.S.S.G. § 4B1.1 (1994) (offense level table). Yett contends that this latter determination turned on a judge-made finding of drug quantity, in violation of *United States v. Doggett,* 230 F.3d 160, 164–65 (5th Cir.2000).

These arguments are without merit. Because the career offender level was greater than the amended cocaine base level, Yett was entitled to a reduction within the career offender range. *See United States v. Jones,* 596 F.3d 273, 276–77 (5th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 93, 178 L.Ed.2d 58 (2010); *see also* U.S.S.G. § 1B1.10(b)(1) (providing that a court must employ the amended guideline range that would have applied if the amendment had been in effect when the defendant was sentenced). With respect to the determination of the career offender level, Yett may not challenge it in a § 3582(c)(2) proceeding. *See Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2694, 177 L.Ed.2d 271 (2010).

■ Yett also contends that the district court erred by employing the comparable reduction methodology set out in § 1B1.10(b)(2)(B) and Application Note 3 to that Guideline. Pursuant to § 1B1.10, "[i]f the original term of imprisonment imposed was less than the term of imprison-

ment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range ... may be appropriate." § 1B1.10(b)(2)(B). Application Note 3 gives an example of determining a comparable reduction employing a percentage-based methodology. § 1B1.10, comment. (n. 3). The district court concluded that Yett's original sentence of 360 months was 1% below the top of the original range of 292 to 365 months. Therefore, pursuant to § 1B1.10 and Application Note 3, the court determined that a sentence of 324 months, or 1% below the upper level of the amended range, was appropriate.

Yett's original term of imprisonment was not less than the term provided by the guidelines range applicable to him at the time of his sentencing. Thus, the comparable reduction methodology set out in § 1B1.10(b)(2)(B) and Application Note 3 does not, on its face, apply. A "defendant is entitled to have his sentence modified by a judge aware of his discretion." *United States v. Garcia,* 655 F.3d 426, 433 (5th Cir.2011). We are unable to discern from the record whether the district court simply exercised its discretion to conclude that such a reduction was appropriate in this case, or whether, as Yett contends, the court believed it lacked authority to reduce the sentence further. In addition, we cannot conclude on this record that error, if any, was harmless. *See id.* Accordingly, we remand for the limited purpose of permitting the district court to clarify whether it believed it was bound by the comparable reduction methodology or merely chose to use it in the exercise of its discretion. *See United States v. Garcia–Ortiz,* 310 F.3d 792, 795–96 (5th Cir.2002). We will retain jurisdiction over the appeal.

We turn next to Yett's argument that the district court failed to consider the 18 U.S.C. § 3553(a) factors. The district court expressly stated that it considered those factors as well as the parties' written arguments, which were before the court. Thus, Yett's argument fails. *See Evans,* 587 F.3d at 673.

■ Finally, Yett contends that his due process rights were violated because he was not provided an opportunity to review the probation officer's sentencing memorandum and supplemental report (collectively, the supplemental report) prior to the district court's ruling on his motion. If the district court intends to rely on a sentencing report addendum in a § 3582(c)(2) sentence, the defendant is entitled to notice and an opportunity to respond. *United States v. Mueller,* 168 F.3d 186, 189 (5th Cir.1999). The record indicates that, although the supplemental report was sent to the Government, Yett first received a copy as an attachment to the Government's surreply. The district court issued its final ruling before Yett had an opportunity to reply. Thus, there was error. *See Mueller,* 168 F.3d at 189l. Nevertheless, reversal is not required. The calculations set forth in the sentencing memorandum were fully addressed in the Government's initial response to Yett's motion, and Yett was given an opportunity to respond. Yett has not indicated what additional arguments or objections he could have made if he had been provided the supplemental report prior to the court's final ruling. Accordingly, we conclude that the error was harmless. *Cf. Mueller,* 168 F.3d at 189 (finding that error was not harmless where the presentence report addendum employed the wrong edition of the Guidelines, and the defendant argued that he could have objected if it had been disclosed). We reject Yett's related contention that improper ex parte communications occurred. There is no evidence of any communications between the probation

officer and the Government regarding Yett's case beyond the transmission of the supplemental report.

For the foregoing reasons, we order a LIMITED REMAND for the purpose of permitting the district court to clarify whether it recognized its authority to reduce the sentence further and simply chose not to do so, or whether it erroneously believed it was bound by the comparable reduction methodology. *See Garcia–Ortiz*, 310 F.3d at 796. We retain jurisdiction over this appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.