# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20346

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee

versus

ODIS LEE JACKSON,

      Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:02-CR-373-4

Before DAVIS, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

Odis Jackson was convicted of various drug-related charges in 2003 and was sentenced to life in prison. He moved for resentencing under the First

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20346

Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The district court denied the motion. We remand for the limited purpose of allowing the district court to explain why it did so, and we retain jurisdiction as is customary for limited remands.[1]

The government opposed resentencing mainly on the ground that the Act didn't affect the sentence. Without a hearing, the district court denied the motion in an order stating only that "[h]aving considered the defendant's motion for resentencing, the government's response and the arguments and law therein, the Court orders that the defendant's motion is . . . DENIED."

The reason for the denial is thus unknown. The court might have thought that Jackson's two-count conviction wasn't a "covered offense" under section 404(a). Alternatively, it might have believed the conviction *was* covered but denied resentencing as a matter of its discretion, since "[n]othing in [section 404] shall be construed to require a court to reduce any sentence . . . ." § 404(c), 132 Stat. at 5222. Or there may be another reason. The reason provided by a district court is often determinative of the standard of review on appeal.

Though district courts needn't always explain why they have denied a motion,[2] "meaningful review" is possible here only with "a statement of reasons for the denial."[3] Absent such a statement, we can only guess why the motion

---

[1] *E.g.*, *M.D. v. Abbott*, 929 F.3d 272, 283 (5th Cir. 2019).

[2] *E.g.*, *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("[W]e decline to impose an inflexible rule requiring district courts to file a written order explaining their decisions.").

[3] *United States v. Insaulgarat*, 280 F. App'x 367, 369 (5th Cir. 2008) (per curiam); *accord United States v. Yett*, 457 F. App'x 360, 362 (5th Cir. 2012) (per curiam) (ordering a limited remand because "[w]e [were] unable to discern from the record whether the district court simply exercised its discretion to conclude that such a reduction was appropriate in this

No. 19-20346

was denied, and we decline "to speculate about the possible reasons." *Insaulgarat*, 280 F. App'x at 369. We thus REMAND for the limited purpose of allowing the court to explain its reasons for the denial. In so doing, we retain jurisdiction. *See Abbott*, 929 F.3d at 283.[4]

---

case, or whether, as Yett contends, the court believed it lacked authority to reduce the sentence further"); *United States v. Crocker*, 228 F. App'x 493, 494 (5th Cir. 2007) (per curiam) ("Given the lack of clarity in the record, we remand to the district court for the limited purpose of explaining its sentencing decision in light of these concerns." (emphasis removed)); *see also In re Archer Directional Drilling Servs., L.L.C.*, 630 F. App'x 327, 329 (5th Cir. 2016) (per curiam) ("[T]he lack of explanation makes it impossible for us to determine whether the district court clearly abused its discretion, which is required in order for us to decide whether to grant mandamus relief. . . . Therefore, we remand for the limited purpose of requesting that the district court supplement its order." (citation removed)).

[4] We place no time limit on the remand, confident that the conscientious district judge will give this matter priority knowing that Jackson's liberty is at stake.