**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50532

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN C. MUELLER,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

February 19, 1999

Before JOLLY, WIENER, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

John C. Mueller ("Mueller") appeals from an order denying a motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). We vacate and remand to the district court for further proceedings.

FACTS AND PROCEEDINGS

In 1989, Mueller pleaded guilty to the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The pre-

1

sentence report ("PSR") calculated Mueller's base offense level based on "8.5 gallons of acetone and ether containing detectable amounts of methamphetamine, two gallons of P2P [phenylacetone], and two ounces of methamphetamine." Using the 1988 sentencing guidelines, the PSR concluded that his base offense level was 36. A two-point increase was added for possession of a firearm. Thus, the total offense level was 38, with a criminal history category of I, resulting in a sentencing range of 235 to 293 months imprisonment. The district court sentenced Mueller to a 240-month jail term (the statutory maximum), three years' supervised release, a $250,000 fine, and a $50 mandatory assessment.

Mueller appealed his conviction and sentence, which this court affirmed. *See United States v. Mueller*, 902 F.2d 336 (5th Cir. 1990). Mueller also filed two 28 U.S.C. § 2255 motions, which were denied.

The Sentencing Commission promulgated amendment 484 to the sentencing guidelines, effective November 1, 1993. Amendment 484 excludes from guideline calculations any waste products contained in mixtures containing methamphetamine. *See* U.S.S.G., App. C, amend. 484 (1997). In fact, Mueller's case was specifically cited by Congress when it approved changes to 21 U.S.C. § 841(b)(1), which expressed Congress's intent to exclude the weight of the carrier when calculating a sentence.

> ...[I]t makes little sense to weigh the waste material
> used to manufacture controlled substances such as

2

methamphetamine. In *U.S. v. Mueller*, 1990 U.S. App. Lexis 8344 (May 22, 1990)[902 F.2d 336], the Fifth Circuit interpreted the phrase "mixture or substance" to include 8.5 gallons of an acetone solution used to "wash" a much smaller quantity of methamphetamine, and therefore imposed a 20 year sentence after applying the drug quantity table in section 2D1.1 of the sentencing guidelines. Had the controlled substance been seized a short time later, the "wash" solution would have been discarded and the defendant would have received a much different sentence. In a rational justice system, a defendant's sentence should not turn so dramatically upon a fortuitous circumstance such as the point of the manufacturing process at which the controlled substance is seized.

S. Rep. No. 101-476, 101st Cong., 2nd Sess at 171 (1990). This amendment applies retroactively. *See* U.S.S.G. 1 1B1.10.

Arguing that amendment 484 should result in a reduced sentence, Mueller filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Probation Office prepared an addendum to the original PSR using the 1994 edition of the guidelines to calculate Mueller's guideline range. The Probation Office reasoned that the 1994 edition ought to be used because the 1988 edition "did not provide [base offense levels] for actual methamphetamine." The PSR addendum concluded that the recalculation of Mueller's relevant conduct did not afford him any relief from his 240 month sentence. Mueller was never given a copy of the addendum to review so that he could file objections. On June 11, 1997, without hearing, the district court summarily ordered that "[u]pon review of the Defendant's Motion, the Government's response, the Probation Office's Addendum to the Presentence Report and the entire case

file, the Court finds that Defendant's Motion should be denied."

STANDARD OF REVIEW

The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and, therefore, we review the district court's determination for abuse of discretion." *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir. 1995).

OPPORTUNITY TO REVIEW ADDENDUM TO PSR

This appeal presents a question which is *res nova* in the Fifth Circuit: do the procedural rules requiring that the PSR be furnished to a defendant in time to allow him to object to it apply to a PSR addendum prepared in a § 3582(c)(2) proceeding?

A defendant is entitled to view the PSR prior to the sentencing hearing, in order to have the opportunity to file objections to "any material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the presentence report." FED. R. CRIM. P. 32(b)(6)(A) & (B); *see also United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994). This court has further determined that, in the context of a motion to modify sentence filed pursuant to § 3582(c)(2), the defendant is entitled to review any new evidence that is considered by the district court. *See United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995). In *Townsend*, we specifically declined to reach the question whether, in deciding a § 3582(c)(2) motion, the district court must employ procedures

4

which "match" those in an initial sentencing determination. Rather, we held that while the district court had the discretion to consider testimony from Townsend's co-defendant's re-sentencing hearing, Townsend "must have notice that the court is considering the testimony such that he will have the opportunity to respond to that testimony." *Id.* We conclude that *Townsend*'s analysis controls the question presented by Mueller. The district court certainly has the discretion to consider a PSR addendum in resolving a § 3582(c)(2) motion if it determines that such an addendum would be helpful. However, a defendant must have notice of the contents of the addendum and notice that the court is considering it such that he will have the opportunity to respond to or contest it. *See id.* Compliance with the dictates of Rule 32 regarding the disclosure of PSRs, which Mueller advocates is required, would certainly satisfy this requirement. However, we are not faced with the question, nor do we purport to answer, whether disclosure that fails to meet the strict timing dictates of Rule 32 might nevertheless afford a defendant sufficient opportunity to respond in a particular circumstance.

We must next determine whether the district court's failure to disclose the addendum to Mueller was harmless. *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997)(affirming the denial of a § 3582(c)(2) motion when the district court would have been bound to resentence movant to the same term -- life

imprisonment -- even if his arguments concerning district court's alleged errors prevailed).  Mueller argues that he would have objected to the Probation Office's use of the 1994 edition of the sentencing guidelines in the addendum had he had the opportunity to review it.  Mueller contends that the use of the wrong edition of the Sentencing Guidelines, coupled with the district court's failure to disclose the content of the PSR addendum, amounts to abuse of discretion and requires the district court's order to be vacated.

WHICH EDITION OF THE SENTENCING GUIDELINES APPLIES?

We review *de novo* the district court's legal determinations regarding the application of sentencing guidelines.  *See United States v. Sherrod*, 964 F.2d 1501, 1506 (5th Cir. 1992).

The sentencing commission has promulgated policy statements regarding a court's consideration of a § 3582(c)(2) motion. U.S.S.G. § 1B1.10.  The sentencing court is required to consider these policy statements when addressing a defendant's motion to reduce sentence.  *See United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995).  In the case of a retroactively applied amendment to the guidelines, § 1B1.10(b) instructs the court to consider the sentence it would have imposed had the amendment been in effect at the time the defendant was sentenced.  *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

The addendum to the PSR, relied on by the district court,

6

applied amendment 484 but used the 1994 edition of the sentencing guidelines, resulting in a guideline range that was considerably longer than the same calculation using the 1988 edition, which was in effect at the time Mueller was sentenced. We therefore conclude that we must vacate the district court's order and remand this case for further proceedings. On remand, the district court should calculate Mueller's guideline range applying amendment 484 to the 1988 edition of the sentencing guidelines. In so holding, we do not imply that the district court lacks discretion to consider appropriate factors, such as those set forth in 18 U.S.C. § 3553(a),[1] in making its decision whether to reduce Mueller's sentence of imprisonment.

CONCLUSION

Finding that the district court abused its discretion in denying Mueller's motion without disclosing the flawed PSR addendum to him, we VACATE the order of the district court and REMAND this case for further proceedings not inconsistent with this opinion.

---

[1]In making the decision as to whether to reduce a sentence of imprisonment, § 3582(c)(2) provides for consideration of the factors set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as, to reflect the seriousness of the offense, to provide just punishment, to afford adequate deterrence, or to protect the public; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

VACATED and REMANDED.