United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10945
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY WAYNE MINTER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:89-CR-35-A
---------------------

Before SMITH, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary Wayne Minter, who was convicted in November 1990 of possession of phenalacetone with intent to manufacture methamphetamine and opening and maintaining a place for the manufacture and distribution of methamphetamine, challenges the district court's denial of his second 18 U.S.C. § 3582(c)(2) motion to reduce sentence. Minter asserts that the district court abused its discretion when it denied his motion. He relies on United States v. Mueller, 168 F.3d 186 (5th Cir. 1999), to assert that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence should be based solely on application of Guidelines Amendment 484, which was effective in 1993, to the 1988 edition of the Guidelines. The Government argues that the law of the case doctrine precludes this court from considering Minter's appeal. Minter argues that the law of the case doctrine does not apply because the district court's prior decision is clearly erroneous and would work a manifest injustice in light of Mueller.

Minter was originally sentenced to a total of 300 months' imprisonment. In response to a prior 18 U.S.C. § 3582(c)(2) motion to reduce sentence, the district court reduced Minter's sentence to a term of 262 months' imprisonment. This sentence reduction was made in response to Minter's argument that Amendment 484, which modified the application notes to Guidelines § 2D1.1 and excluded waste water from the drug quantity calculation, warranted a reduction in his sentence. See Amendment 484, U.S.S.G. App. C (1993). The district court reduced Minter's sentence after determining that Amendment 484 was retroactively applicable and that it warranted a reduction in Minter's sentence. However, the district court also analyzed the factors set forth in 18 U.S.C. § 3553(a) and concluded that a sentence within the range of 108-135 months, which was produced by applying Amendment 484 to the 1888 Guidelines, would not comply with 18 U.S.C. § 3553(a)(6), which directs courts to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Mueller does not indicate that the district court abused its discretion when it denied Minter's second 18 U.S.C. § 3582(c)(2) motion. See United States v. Allison, 63 F.3d 350, 351 (5th Cir. 1995) (district court's decision whether to reduce a sentence under section 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion). We have carefully examined the district court's prior decision in light of Mueller. The Mueller panel specifically noted in its holding in which it vacated the district court's ruling on an 18 U.S.C. § 3582(c)(2) motion that it was not implying "that the district court lacks discretion to consider appropriate factors, such as those set forth in 18 U.S.C. § 3553(a), in making its decision whether to reduce Muller's sentence of imprisonment." Mueller, 168 F.3d at 190. In Minter's case, unlike in Mueller, the district court's opinion on Minter's initial 18 U.S.C. § 3582(c)(2) motion indicates that the decision was guided by 18 U.S.C. § 3553(a), most specifically the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6).

Minter has therefore failed to demonstrate that the district court's prior decision is clearly erroneous and would work a manifest injustice. See Free v. Abbott Labs. Inc., 164 F.3d 270, 272 (5th Cir. 1999) (setting forth exceptions to the law of the case doctrine). Accordingly, the law of the case doctrine applies. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.  The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.