United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60738
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY DAVENPORT, also known as Fella,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93-CR-21
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Rodney Davenport, federal prisoner # 09803-042, was convicted of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base and was sentenced to 292 months of imprisonment and five years of supervised release. Davenport appeals the district court's denial of his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Davenport argues that his base offense level should be reduced under Amendment 505 to the Sentencing Guidelines. Section 3582(c)(2) authorizes a reduction in the term of imprisonment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed when a sentencing range subsequently has been lowered by the Sentencing Commission and the amendment has been made retroactive. Amendment 505 applies retroactively. U.S.S.G. § 1B1.10(c).

Applying Amendment 505, which reduces the base offense level based on quantity of drugs to 38, the district court found that Davenport's total offense level would be 38 and that his sentence was within the applicable guidelines range of 235-293 months of imprisonment. The district court erroneously concluded that Davenport originally was sentenced at a base offense level of 42 but had received a downward departure. See United States v. Mimms, 43 F.3d 217, 220-21 (5th Cir. 1995). The record establishes that at sentencing the district court sustained Davenport's objection to the two-level upward adjustment for obstruction of justice that was recommended in the PSR. Given the two-level downward adjustment Davenport received for playing a minor role in the offense, Davenport was sentenced at level 40, and his 292-month sentence was within the applicable guidelines range.

In retroactively applying Amendment 505, the base offense level of 38 should have been reduced by two levels for the minor participant adjustment that Davenport received. Given Davenport's criminal history category of I and the applicable offense level of 36, the applicable guidelines range is 188-235 months of imprisonment. Because Davenport's sentence exceeds

this range, we vacate the decision of the district court and remand for further proceedings in accordance with this opinion. See United States v. Mueller, 168 F.3d 186, 187–88 (5th Cir. 1999).

Davenport's motion for leave to file a reply brief is denied.

VACATED AND REMANDED; MOTION DENIED.