**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7058**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARL REYNOLDS, a/k/a Karl Reynolds,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:95-cr-00071-1)

Submitted:  December 31, 2008         Decided:  January 27, 2009

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carl Reynolds, Appellant Pro Se.   John Lanier File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Reynolds appeals from the denial of his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence. On appeal, Reynolds challenges several aspects of the district court's opinion. We affirm.

Reynolds was eligible to benefit from recent amendments to the Sentencing Guidelines which reduced the base offense levels for offenses involving crack cocaine. He argues first that the district court's sentencing discretion "lies within the newly calculated Guideline range" and, therefore, the court was bound to resentence him within his lower Guideline range. We review the district court's denial of a motion under § 3582 for abuse of discretion. See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004). According to § 3582(c)(2), if a defendant's sentencing range has been lowered by an amendment to the Guidelines, the court "may" reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (2006). Thus, Reynolds' assertion is incorrect. The court recognized that Reynolds was eligible for a reduction, but found the § 3553(a) sentencing factors did not warrant such a decrease. Because the district court understood the parameters of its discretion, the court did not err in failing to give Reynolds a sentence within the lowered Guidelines range.

2

Next, Reynolds argues that, because he will be deported upon his release, the district court incorrectly determined that he posed a danger to society. In imposing sentence, the district court must consider the need for the sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). We find that the district court did not abuse its discretion in considering whether a longer sentence would protect the public from Reynolds. Future crimes by Reynolds could affect the American public, either indirectly or due to Reynolds' reentry. See United States v. Wills, 476 F.3d 103, 108 (2d Cir. 2007). The district court was aware that Reynolds was being deported, and we conclude that it was not an abuse of discretion to determine that Reynolds still posed a risk to the public.

Finally, Reynolds contends that he was not given the amended Presentence Report ("PSR") to review. In general, a defendant is entitled to review any new evidence considered by the district court in a § 3582 proceeding. See United States v. Mueller, 168 F.3d 186, 189 (5th Cir. 1999). Any failure to disclose the addendum is reviewed for harmless error; that is, if the defendant can show that he was harmed by the denial of the opportunity to review an amended PSR, the district court's failure to disclose it is an abuse of discretion. Id. Here, Reynolds makes no attempt to show that he was harmed by any non-

3

disclosure. He does not assert that any of the facts laid out in the district court's opinion and relied upon in denying the motion (essentially, his prison disciplinary record) were incorrect. Moreover, the amended PSR appears to have recommended a sentence reduction, a suggestion that was rejected by the district court. Thus, Reynolds cannot show that disclosure would have aided him because (1) the negative aspects of the PSR are undisputed by Reynolds and (2) the positive aspects of the PSR were rejected by the district court. Accordingly, any failure by the district court to disclose the amended PSR was not an abuse of discretion.

Thus, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED