# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

Lyle W. Cayce
Clerk

No. 08-10399
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TORRANCE DESHON LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CR-20-ALL

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Torrance Deshon Lee, federal prisoner # 25302-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence following the recent amendments to the Sentencing Guidelines for crack cocaine offenses. Lee argues that the district court erred in considering the sentencing factors of 18 U.S.C. § 3553(a) and his post-sentencing disciplinary convictions to deny his motion. He also contends that he failed to get notice of the Government's response to his motion prior to the ruling by the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582 directs the court to consider the § 3553(a) factors. *See* § 3582(c); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). If the record shows that the district court gave due consideration to the motion as a whole and at least implicitly considered the § 3553(a) factors, then there is no abuse of discretion. *See United States v. Cooley*, 590 F.3d 293, 296 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The district court had the benefit of Lee's § 3582(c)(2) motion, his attachments to that motion, and the Government's response. In issuing its ruling, the district court specifically referred to several of the factors listed under § 3553(a). Thus, the record reflects that the district court considered Lee's motion and the § 3553(a) factors. *See Evans*, 587 F.3d at 673; *Whitebird*, 55 F.3d at 1010. To the extent Lee is arguing that the district court erred by basing the denial of his motion on his prison disciplinary record, the 2008 amendments to the Sentencing Guidelines allow a court to consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). In addition, we have "decline[d] to hold that a district court cannot consider post-conviction conduct in determining whether to grant a sentencing reduction under § 3582(c)(2)." *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir.), *cert. denied*, 130 S. Ct. 3374 (2010).

Lee also contends that he was entitled to notice of the Government's response to his § 3582(c)(2) motion because the district court relied on the "new evidence" included in it to deny relief. *See United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995). Even if we assume that the amendments to § 1B1.10 were insufficient to provide notice that his prison disciplinary record could be considered, and even if we assume that Lee's own record constitutes "new evidence" under *Townsend*, Lee has not shown that any error by the district court rose to the level of harmful error because his arguments against the new evidence would not entitle him to relief. *See United States v. Mueller*, 168 F.3d

No. 08-10399

186, 189-90 (5th Cir. 1999).  Consequently, the judgment of the district court is AFFIRMED.