# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

No. 09-60392
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARY MCBRIDE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:93-CR-21-5

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mary McBride, federal prisoner # 09801-042, moved under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on Amendments 503, 505, 516, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60392

706 to the sentencing guidelines.  The district court concluded that McBride was not eligible for relief under Amendment 706 because her offense involves more than 4.5 kilograms of crack cocaine.  After McBride argued that the court had not addressed her remaining claims, the court concluded that those claims constituted an unauthorized successive 28 U.S.C. § 2255 motion.  McBride appeals the denial of relief.

Section 3582(c)(2) permits the discretionary reduction of a sentence where the applicable range is later lowered by the Sentencing Commission.  *See* § 3582-(c)(2); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009).  A district court's decision whether to reduce a sentence is reviewed for abuse of discretion, its interpretation of the guidelines *de novo.* *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

McBride contends that, in light of *Kimbrough v. United States,* 552 U.S. 85, 104-05 (2007), the district court abused its discretion by denying relief on her Amendment 706 claim because she should have been sentenced using a 1 to 1 crack-to-powder-cocaine ratio.  Her brief does not address the reasons for denying relief.  Although a *pro se* brief is afforded liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), where an appellant fails to identify error in the district court's analysis, it is the same as if he had not appealed that issue. *Brinkmann v. Dallas Cnty. Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). Arguments must be briefed to be preserved.  *Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1983).  McBride's claim based on Amendment 706 is deemed abandoned.  *See Brinkmann,* 813 F.2d at 748.

McBride urges that the district court erred by failing to address her claims for a reduction based on Amendments 503 and 505.  Again, McBride has failed to address the reasons for the denial of § 3582(c)(2) relief on those claims.  Because she has failed to identify error in the district court's analysis, it is the

same as if she had not appealed that issue. *Brinkmann,* 813 F.2d at 748; *Yohey,* 985 F.2d at 224-25. Therefore, her claims based on Amendments 503 and 505 are deemed abandoned. *See Brinkmann,* 813 F.2d at 748.

McBride maintains that the district court erred by failing to allow her to object to the addendum to the presentence report. *See United States v. Mueller,* 168 F.3d 186, 189 (5th Cir. 1999). There is no indication in the record that the court considered any addendum that was prepared in response to her § 3582-(c)(2) motion. McBride also argues that the court imposed an illegal sentence, because the drug amount attributed to her was not found by the jury. But, "[a] § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995).

AFFIRMED.