# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

Lyle W. Cayce
Clerk

No. 08-51083
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KALUB DOYLE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:95-CR-104-ALL

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kalub Doyle, Jr., federal prisoner # 56795-079, appeals the district court's ruling on his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 400-month sentence for possession with the intent to distribute 50 grams or more of crack cocaine. The Government declined to respond to Doyle's brief. The district court granted Doyle's § 3582(c)(2) motion, reduced his offense level by two levels pursuant to Amendment 706, and modified his sentence to 360 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51083

Doyle argues that the district court misapplied the guidelines range. He contends that his amended guidelines range should have been 292-365 months. Doyle also argues that he is entitled to resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). "A district court 'abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005). We review de novo the district court's "legal determinations regarding the application of the sentencing guidelines." *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).

The district court reduced Doyle's offense level to 36, which, when combined with Doyle's Category V criminal history score, resulted in a guidelines range of 292-365 months. *See* U.S.S.G. Ch. 5 Pt. A. However, the district court erroneously determined that Doyle's amended guidelines range was 324-405 months. Therefore, the court abused its discretion in the modification of Doyle's sentence. *See Smith*, 417 F.3d at 486-87.

In imposing the 360-month sentence, the district court indicated that it intended to impose a sentence in the middle of the guidelines range. Though the sentence imposed falls within the correctly calculated guidelines range, it is not in the middle of that range, so we cannot conclude that the error of law was harmless. *See United States v. Andrews*, 390 F.3d 840, 846 (5th Cir. 2004)("In sentencing cases, the burden is on the government to show that absent the error, the sentence would have been the same."). The judgment is vacated and remanded for further proceedings. *See Mueller*, 168 F.3d at 189-90.

Doyle's contention that he is entitled to a full resentencing is without merit. Section 3582(c)(2) proceedings are not full resentencings. *Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010). Moreover, the principles of

No. 08-51083

*Booker* and its progeny do not apply to § 3582(c)(2) proceedings, and a sentencing court lacks discretion to reduce the sentence any further than the reduction allowed under § 1B1.10.  *Id.*; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

VACATED AND REMANDED.