# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 5, 2013

No. 12-20126
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EDWARD LIONEL BLAKE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-215-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edward Lionel Blake, federal prisoner #79357-079, was convicted of conspiracy to possess with intent to distribute cocaine base and aiding and abetting the possession with intent to distribute cocaine base; he was sentenced to 360 months of imprisonment. He now appeals the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Blake argues that the district court failed to allow him an opportunity to respond to an addendum to his presentence report (PSR) and that it erred in determining that his status as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a career offender at sentencing made him ineligible for a reduction of sentence pursuant to Amendment 750 to the United States Sentencing Guidelines. Blake also moves for the appointment of counsel for purposes of presenting oral argument.

If a district court relies on new evidence in a § 3582(c)(2) proceeding, the defendant is entitled to notice and an opportunity to respond. *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). If the district court did consider it without giving Blake an opportunity to respond, this would be error. *See id.* Nevertheless, reversal is not required in this case because any error was harmless. The PSR Addendum merely set forth facts regarding Blake's original sentencing and it is almost identical to a PSR Addendum prepared in response to Blake's prior § 3582(c)(2) motion. In addition, Blake is not entitled to relief under § 3582(c)(2).

The record clearly establishes that Blake was sentenced as a career offender and, as such, he is not eligible for relief under Amendment 750. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). Contrary to Blake's assertions, the district court's decision to order that his federal sentence run concurrently with his undischarged state sentences did not constitute either a downward departure or variance, and a sentence still is based on the career offender guideline even when a downward departure or variance is granted.

AFFIRMED; MOTION DENIED.