# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

No. 15-10419
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALONZO PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-118-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Luis Alonzo Pena, federal prisoner # 36979-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c). The district court held that Pena was not entitled to a reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10419

because the drug quantity for which he was held accountable at his original sentencing would result in the same base offense level after the amendment.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). At his original sentencing, Pena was assigned a base offense level of 38 under § 2D1.1(c)(1) because he was held accountable for the equivalent of 477,540 kilograms of marijuana. Under amended § 2D1.1(c), Pena's base offense level remains 38. Thus, Amendment 782 did not lower Pena's applicable guidelines ranges, and § 3582(c)(2) does not authorize a reduction in his sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s.

Pena complains that the district court should not have based its decision on his presentence report without giving him notice and an opportunity to challenge its reliability. He also complains that the district court denied his motion without considering the 18 U.S.C. § 3553(a) factors. He has not shown an abuse of discretion. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). Furthermore, any attempt to relitigate the facts underlying Pena's original conviction and sentencing exceeds the limited scope of a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).

AFFIRMED.