# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11407
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL QUINTERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-392-4

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Miguel Quintero, federal prisoner # 45319-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). *See* U.S.S.G., App. C, Amend. 782. Quintero argues that the district court erred in failing to provide him (1) with a copy of a probation officer's § 3582(c)(2) addendum to the presentence report, which discussed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11407

post-sentencing disciplinary infractions, and (2) an opportunity to rebut the information in the addendum before the district court denied his motion. Quintero argues on appeal that he would have explained that the disciplinary convictions for assault cited by the probation officer were not serious and that he received a suspended sentence for his third disciplinary conviction.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 236 (5th Cir 2008). In such cases, the district court may reduce the sentence after considering the applicable 18 U.S.C. § 3553(a) factors and the applicable guideline policy statements. § 3582(c)(2). The sentencing court is under no obligation to reduce the sentence at all. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *See Doublin*, 572 F.3d at 237. If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, then there is no abuse of discretion. *See Evans*, 587 F.3d at 673; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Moreover, a proceeding under § 3582(c)(2) is not considered a full resentencing. *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). A defendant need not be present at a proceeding if it involves only the correction or reduction of a sentence under § 3582(c). FED. R. CRIM. P. 43(b)(4). However, a district court must give a defendant notice and an opportunity to be heard if facts are in dispute or if it intends to base its decision on evidence not presented at the original sentencing hearing. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999); *United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995).

No. 16-11407

Where a district court relies upon a § 3582(c)(2) addendum without providing the movant an opportunity to respond, this court has vacated the district court's order where we found the error to be harmful. *Mueller*, 168 F.3d at 189. Thus, in *Mueller*, this court found that the probation officer used the wrong version of the Sentencing Guidelines in the addendum and thus that notice of the addendum would have allowed Mueller to make his argument in the district court. *Id*. at 189-90.

In the instant case, the record does not clearly disclose that Quintero was denied the opportunity to review the § 3582(c)(2) addendum before the district court denied his motion. Even if Quintero was denied that opportunity, the error was not harmful. Unlike in *Mueller*, Quintero would not have been able to point out reversible error in the district court's analysis even if he had received a copy of the addendum prior to the district court's ruling. Quintero does not challenge the district court's listing and categorization of his prison disciplinary convictions. He simply asserts that he could have explained that the two assaults were not classified as serious assaults and that he received suspended discipline based upon his refusal to follow an order. However, the district court was specifically authorized to consider Quintero's disciplinary history when deciding whether to grant the discretionary sentence reduction and weigh the conduct as the court deemed appropriate. *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010). Although Quintero disagrees with the weight the district court accorded his post-sentencing conduct, his disagreement does not establish that he suffered harm due to the district court's putative failure to timely notify him of the contents of the addendum and of his right to file a response.

AFFIRMED.