# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ENRIQUE BANEGAS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-229-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Jose Enrique Banegas, federal prisoner # 36426-177, appeals the district court's ruling on his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 240-month within-guidelines sentence for conspiracy to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana. The district court granted Banegas's motion, determining that he was eligible for a reduction under Amendment 782 to the Sentencing Guidelines. The court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11018

imposed an amended sentence of 189 months of imprisonment, which was within the amended guidelines range of 168 to 210 months.

Banegas argues that the district court abused its discretion and violated his due process rights by not allowing him to respond to the worksheet prepared by the probation officer regarding his eligibility for relief under § 3582(c)(2). Banegas asserts that the district court required him to use a form that did not provide him with an opportunity to argue for a particular sentence. He also contends that the worksheet contained inaccurate and incomplete information because it did not accurately describe the disciplinary infractions Banegas received and because it did not detail Banegas's post-sentencing accomplishments. He further asserts that the district court did not consider the factors of 18 U.S.C. § 3553(a) when it reduced his sentence to 189 months.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). In determining whether to reduce a sentence, the district court first determines whether the defendant is eligible for a reduction and the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Next, the court must consider any applicable § 3553(a) factors and determine whether a reduction is warranted in whole or in part under the circumstances. *Id.* at 827.

Contrary to Banegas's assertion, the form provided by the district court on which to file the § 3582(c)(2) motion allowed Banegas to provide reasons for a lesser sentence. The form directed Banegas to list any good conduct that occurred post-sentencing. Banegas listed several accomplishments.

Even if the district court denied Banegas the meaningful ability to review the worksheet and file a response prior to the district court's order, any error was harmless. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir.

2

1999).  Banegas's letter to the district court was ultimately characterized and considered as a motion for reconsideration.  In the motion, Banegas argued, as he does on appeal, that the worksheet improperly characterized his disciplinary infractions.  He also informed the court of numerous post-sentencing accomplishments and provided documentation in support of these accomplishments.  In denying the motion for reconsideration, the district court concluded that none of the facts advanced by Banegas altered its decision regarding the sentence reduction.

Although Banegas disagrees with the weight the district court accorded his post-sentencing conduct, both the good conduct and the bad conduct, that alone does not establish that he suffered harm due to the district court's failure to timely provide the worksheet and the opportunity to respond before its order.  *See Mueller,* 168 F.3d at 189.  The district court was not under any obligation to reduce Banegas's sentence at all and was therefore "under no obligation to reduce it even further within the recalculated range." *Evans*, 587 F.3d at 673.  The record shows that the district court gave due consideration to the motion as a whole and considered the § 3553(a) factors; thus, there is no abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.