# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-11656
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN LUCERO CANO,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-7-1

———————

Before DENNIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Benjamin Lucero Cano, federal prisoner # 34330-177, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon retroactive Amendment 782 to the Sentencing Guidelines. By seeking leave to proceed IFP, Cano is challenging the district court's certification that his appeal is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11656

taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

In this court, Cano argues that the district court failed to conduct the mandatory first-step inquiry regarding his eligibility for a reduction of his sentence. He asserts that the district court was required to recalculate his base offense level based on the drug quantity determined by the jury and then apply Amendment 782 in order to reach the proper guidelines range of imprisonment. Additionally, in his brief, Cano requests the appointment of counsel.

The district court's implicit ruling that Cano was eligible for a sentence reduction was correct. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); U.S.S.G. § 2D1.1(c)(6). Cano's challenge to the district court's first-step calculation is beyond the scope of a § 3582(c)(2) proceeding and is, therefore, without merit. *Dillon*, 560 U.S. at 831; *United States v. McBride*, 402 F. App'x 909, 911 (5th Cir. 2010).

Cano does not challenge the district court's discretionary determination that no reduction was warranted after consideration of the 18 U.S.C. § 3553(a) factors. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, he has not shown that the denial of his § 3582(c)(2) motion was an abuse of discretion. *United States v. Benitez*, 822 F.3d 807, 810-11 (5th Cir. 2016).

Cano's appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Cano's motion for appointment of counsel is also DENIED.