## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40817

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD DANIEL GARCIA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-297-1

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Daniel Garcia was eligible for a sentence reduction as a result of Amendment 782 to the Sentencing Guidelines. The district court denied his 18 U.S.C. § 3582(c)(2) motion citing public safety concerns. Garcia appeals that order on two principal bases—that the language used insufficiently mirrored the language of 18 U.S.C. § 3553(a)(2)(C) and that the district court's assessment of the evidence was clearly erroneous. For the following reasons, we **REMAND**.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40817

## I.

Richard Daniel Garcia, federal prisoner # 43129-279, pleaded guilty to conspiracy to possess with intent to deliver more than five kilograms of cocaine. Based on the amount of cocaine and other factors, the advisory guidelines range of imprisonment was 151 to 188 months. The Government requested, and the district court granted, a downward departure based on Garcia's substantial assistance, resulting in a sentence of 130 months in prison and five years of supervised release. Garcia did not appeal the judgment.

In 2015, Garcia filed a pro se § 3582(c)(2) motion based on Amendment 782 to the Sentencing Guidelines, which would reduce his base offense level from 32 to 30 and lower his advisory guidelines range. Garcia noted that he had enrolled voluntarily in the prison's drug prevention program and was "taking the necessary steps to change his life." He requested a new sentence at the statutory minimum, 120 months in prison.

In an addendum to Garcia's PSR, a probation officer observed Garcia was eligible for a sentence reduction because his guidelines range would be lowered to 130 to 162 months and with an 18-month reduction to reflect the departure, he was eligible for a sentence of 112 months in prison. According to the probation officer "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Garcia's presentence report showed that he had prior convictions for possession of a controlled substance, theft from a person, burglary of a building, possession of a prohibited weapon, and robbery. According to Bureau of Prisons (BOP) records, Garcia's post-sentencing conduct indicated he had two disciplinary infractions involving tattooing or self-mutilating and one for failing to stand for count; he is participating in prison drug education courses and treatment; and he is considered a high level security risk. On April 16, 2015, district court denied

No. 15-40817

the § 3582(c)(2) motion stating that it had "denie[d] any reduction based on the further need to protect the community."

Notice was originally mailed to Garcia at the United States Penitentiary in Beaumont, Texas (USP Beaumont), but was returned on May 26, 2015, with a notation that Garcia was no longer at that address. On May 27, 2015, a docket entry noted that the "[d]atabase contained [an] incorrect BOP #" for Garcia and that a copy of the district court's order had been remailed to Garcia. In a motion dated June 1, 2015, and mailed from USP Beaumont, Garcia asked the court to clarify its order with reasons for its denial of his § 3582(c)(2) motion. He then filed a notice of appeal that he dated June 11, 2015, and mailed from USP Beaumont. The district court denied the motion for clarification, noting that Garcia was eligible for a sentence reduction but that the court had denied it.

Garcia then moved for leave to proceed IFP on appeal. The district court found that Garcia's June 11 notice of appeal, which it also construed as a motion for an extension, was filed after the expiration of both the 14-day and 30-day periods for filing or seeking an extension of time to file a notice of appeal from its order entered on April 16, 2015. "The [c]ourt acknowledge[d] that Garcia's notice of appeal was too late by the time he received notice of the order," however, failure by the Clerk to give notice did not relieve Garcia of his obligation to timely file his notice of appeal. S*ee* Fed. R. Crim. P. 49(c). The court denied Garcia's IFP motion "because his construed motion to extend the time to file a notice of appeal was filed too late." This court granted IFP.

Garcia raises two issues on appeal: (1) whether his notice of appeal was untimely under Federal Rule of Criminal Procedure 4(b), and (2) whether the district court abused its discretion in denying his § 3582(c)(2) motion.

3

No. 15-40817

II.

Garcia asserts that his June 11 notice of appeal was timely because he completed and mailed it from USP Beaumont within 14 days after he received notice of the order denying his § 3582(c)(2) motion on June 1. He concedes that his notice of appeal was filed after the Rule 4(b) time periods had expired but questions how he could have known to file his notice of appeal within those periods when he had not received notice of the denial of his § 3582(c)(2) motion. In reviewing his motion to proceed IFP, this court liberally construed this argument as seeking some kind of equitable relief from Rule 4(b)'s deadlines.

The time limits set forth in Rule 4(b), while mandatory, are not jurisdictional and may be waived. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). In light of the Government's express waiver, this court may consider the merits of Garcia's appeal. *Id.* This obviates any need to address whether this court should grant equitable relief from the district court's enforcement of the Rule 4(b) time limits.

III.

Garcia argues that the district court abused its discretion by denying his § 3582(c)(2) motion based on an error of law and based on a clearly erroneous assessment of the evidence.

"This court reviews a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks, modification, and citation omitted). "[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court." *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or

No. 15-40817

a clearly erroneous assessment of the evidence." *Henderson*, 636 F.3d at 717. (internal quotation marks and citation omitted).

## A.

Garcia asserts that the district court abused its discretion by denying his motion for a reason not listed under § 3553(a) as a sentencing factor to be considered by the court in denying or granting a § 3582(c)(2) motion, and that, therefore, the district court had no authority to rely on "the further need to protect the community" as grounds to deny his motion. Garcia argues that § 3582(c)(2) requires courts to consider only the § 3553(a) factors in deciding whether to grant a reduction.

The Government asserts that § 3582(c)(2) requires the district court to consider the § 3553(a) factors, which include the public safety consideration set forth in § 1B1.10, comment, and that in denying Garcia's motion, the district court appropriately considered the need "to protect the public from further crimes of the defendant," as stated in § 3553(a)(2)(B). Garcia argues there is a material difference between § 3553(a)(2)(B)'s stated need to protect the public from further crimes of the defendant and the district court's stated need to further protect the community. This is a distinction without a difference.

"[T]he district court need not engage in robotic incantations . . . and therefore a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (quotations omitted). The district court here appears to have considered the need to protect the public from further crimes of the defendant and relied upon that factor when determining to deny the motion based on "the further need to protect the community." Therefore, the district court did not abuse its discretion.

No. 15-40817

B.

Garcia next argues that he is no more of a threat to the community now than he was at the time of his original sentencing.  He notes that his PSR indicated that there was no victim of his crime.  He claims the district court abused its discretion in denying his § 3582(c)(2) motion based on a "clearly erroneous assessment of the evidence." *See Henderson*, 636 F.3d at 717.  The Government argues that the district court did not abuse its discretion in denying a sentence reduction in light of the fact that: (1) Garcia was convicted of a drug trafficking offense involving over 11 kilograms of cocaine, (2) he scored at the highest criminal history category based on his five prior convictions/sentences for possession of a controlled substance, theft from person, burglary of a building, possession of prohibited weapons, and robbery, (3) he committed the instant offense while on parole and less than two years after his release from custody, (4) his post-sentencing conduct included three disciplinary infractions, and (5) he was considered a high level security risk.

Garcia argues not only that he poses no greater threat to the community now than he did when he was originally sentenced, but that he actually poses less of a threat because he has changed his ways, as shown by his conduct in prison.  He points to: (1) his having been downgraded to a medium security risk, (2) that his disciplinary cases were for conduct at least four years old, (3) that he participated in the drug treatment program, was asked to be a mentor, and has successfully completed other programs, and (4) that prison staff officers are willing to provide character references for him.

Even assuming the district court relied in large part on the probation officer's recitation of Garcia's postsentencing conduct in a Sealed Addendum, it has the discretion to do just that, if the court also notifies the defendant of the addendum's contents.

No. 15-40817

> The district court certainly has the discretion to consider a PSR addendum in resolving a § 3582(c)(2) motion if it determines that such an addendum would be helpful. However, a defendant must have notice of the contents of the addendum and notice that the court is considering it such that he will have the opportunity to respond to or contest it.

*United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). There is no indication in the record that Garcia was given notice of this sealed document's contents or afforded an opportunity to respond to or address its contents until he replied to the government's appellate brief. As the § 3582(c)(2) Addendum set forth new evidence, if the court considered it without affording Garcia an opportunity to respond, this would be error. We cannot determine whether the error is harmless without knowing the extent to which the court relied on it. Consequently, we order a limited remand in which the court should either (a) advise that the Sealed Addendum played no role in its denial of a Sec. 3582(c)(2) sentence reduction; or (b) reconsider the sentence reduction request after Garcia has an opportunity to view and respond in the district court to the Sealed Addendum.

## CONCLUSION

For the foregoing reasons we **REMAND** to the district court for further proceedings consistent with this opinion.