# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2022

Lyle W. Cayce
Clerk

No. 21-10513
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Lionel Jubenal Villicana,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-158-1

———————

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Lionel Jubenal Villicana, proceeding *pro se*, challenges the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3583(c)(2) in light of sentencing guidelines amendment 782. The district court determined, based on the analysis in a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10513

worksheet prepared by the probation officer, that Villicana was ineligible for a sentence reduction. The district court concluded that, although amendment 782 lowered Villicana's base offense level by two levels, it did not lower the total offense level or the guidelines imprisonment range. Villicana plausibly claims that he was never served with (1) the probation officer's worksheet and (2) the government's opposition to his motion. This error, assuming it occurred, was harmless because, as explained below, Villicana's motion is meritless.[1]

We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error.[2] We review that court's order for an abuse of discretion.[3]

Villicana contends that the district court erred. Villicana's primary contention is that *Hughes v. United States*, 138 S. Ct. 1765 (2018), dictates that his motion should have been granted. But *Hughes* addresses the interplay of various plea agreements and § 3582(c)(2).[4] Villicana pleaded guilty without a plea agreement, rendering *Hughes* inapposite.

Section 3582(c)(2) allows for the discretionary reduction of a sentence when the defendant is sentenced to a prison term based on a sentencing range that has been lowered subsequently by the Sentencing Commission.[5] As the probation officer explained, amendment 782 resulted in a two-level reduction

---

[1] *See United States v. Quintero*, 689 F. App'x 307, 308–09 (5th Cir. 2017) (unpublished) (concluding that defendant's inability to review probation officer's § 3582(c)(2) addendum was, at worst, harmless error because he "would not have been able to point out reversible error . . . even if he had received a copy of the addendum").

[2] *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam).

[3] *Id.*

[4] 138 S. Ct. at 1765.

[5] § 3582(c)(2).

of Villicana's base offense level from 36 to 34. After offense level adjustments, however, Villicana's total offense level of 44 would be capped at 43, as it was when he was originally sentenced.[6] Thus, Villicana's guidelines offense level and imprisonment range were not changed by the amendment.

Apart from his citation to *Hughes*, which is unavailing, Villicana does not explain why he believes he is eligible for a sentence reduction under amendment 782. He has not identified any abuse of discretion by the district court.[7]

The district court's order is AFFIRMED.

---

[6] *See* U.S.S.G. Chap. 5, Pt. A, comment (n.2).

[7] *See Henderson*, 636 F.3d at 717.