# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2022

Lyle W. Cayce
Clerk

No. 21-40779
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CYRUS GHARIB,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-53-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Cyrus Gharib, federal prisoner # 27652-177, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that he has shown extraordinary and compelling reasons that warrant compassionate release due to him no longer being

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

subject to the career offender enhancement under U.S.S.G. § 4B1.1.  He also argues that the district court violated his due process rights by issuing its ruling before considering his reply to the Government's supplemental response, as well as letters submitted on his behalf in support of his character and postsentencing rehabilitation.

After reviewing the facts surrounding Gharib's offense of conviction and extensive criminal history, the district court determined that the nature and circumstances of the offense, the history and characteristics of Gharib, the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, the need for adequate deterrence, and the need to protect the public from further crimes of Gharib outweighed granting relief.  *See* 18 U.S.C. § 3553(a)(1), (a)(2).  Gharib's failure to challenge these findings defeats his claim.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  As such, we need not consider his contention that extraordinary and compelling reasons justify relief.  *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Further, any error in the district court's issuance of its ruling prior to considering Gharib's reply to the Government's supplemental response would be harmless given that the district court indicated it would still deny relief based on the § 3553(a) factors even if Gharib was no longer subject to the career offender enhancement.  *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).  Lastly, Gharib does not explain why the letters of support could not have been submitted at the time he filed his compassionate release motion or how the additional evidence would have affected the district court's conclusion that the § 3553(a) factors did not warrant relief.  *See Pepper v. United States*, 562 U.S. 476, 491-92; *Yohey*, 985 F.2d at 224-25.

No. 21-40779

Accordingly, the judgment of the district court is AFFIRMED. Gharib's incorporated request for a certificate of appealability is DENIED as unnecessary.