# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2022

Lyle W. Cayce
Clerk

No. 22-10242
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BENJAMIN LUCERO CANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-7-1

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Benjamin Lucero Cano, federal prisoner # 34330-177, has moved for leave to appeal in forma pauperis (IFP) in this appeal from the district court's order denying his fourth motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Sentencing Guidelines Amendment 782. The district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

court denied Cano's motion for leave to proceed IFP, and it certified that the appeal was not taken in good faith. Cano's motion in this court for leave to proceed IFP is construed as a challenge to the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Previously, the district court determined in denying Cano's initial § 3582(c)(2) motion that Cano is eligible for a sentence reduction under Amendment 782 but that a reduction was unmerited under the statutory sentencing factors. We determined that Cano's appeal from that decision was frivolous. *United States v. Cano*, 691 F. App'x 223, 224 (5th Cir. 2017).

In the instant matter, the district court denied relief as an exercise of its discretion without further explanation. Cano contends that this court should distinguish *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995), which was cited by the district court. No error has been shown.

Cano asserts that the district court has never addressed his eligibility for relief under Amendment 782. The same argument was rejected in Cano's appeal from the denial of his initial motion. Cano argues that the district court erred in its June 9, 2021 order denying his third § 3582(c)(2) motion. That order was not appealed and is not before the court.

Cano has failed to show that he has a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). The motion for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24. Cano's motion to expedite the appeal is DENIED AS MOOT.